UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DENVER GOREE,

        Plaintiff,                      Case No. 1:12-cv-791

v.                                             Honorable Robert J. Jonker

TOM COMBS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Denver Goree is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC). He sues the following members of the Michigan Parole Board: Tom Combs, Amy Bonito, Barbara Sampson, Sonia Amos-Warchock, Stephen DeBoer, Anthony King, Jayne Price, Charles Brown, Abigail Callejas, and Michael Eagen.

Following a jury trial in Kent County Circuit Court, Plaintiff was convicted of first-degree murder, Mich. Comp. Laws § 750.316.[1] On June 26, 1969, he was sentenced to life imprisonment. In January 1983, the parole board voted "to confirm a commutation release" if Plaintiff completed twenty-two years of his sentence. (Compl., docket #1, Page ID#4.) To date, Plaintiff has been imprisoned for forty-four years "without any consideration from [the] parole board." (*Id.*) Plaintiff contends that he has been deprived of a "commutation contract" with the Michigan Parole Board. (*Id.*)

Attached to the complaint are several exhibits, including: MDOC Policy Directive PD-DWA-45.12, Guidelines for Commutation Recommendations (Sept. 1, 1981 version & Dec. 14, 1987 version); MDOC Procedure OP-DWA-45.05, Commutation and Long Term Interview, Report and Review Guidelines (Aug. 1, 1984); and documentation indicating that the parole board calculated Plaintiff's "release guideline" as twenty-two years. (*See* Exs. A-F to Compl., docket #1-1.)

Plaintiff asserts that Defendants have deprived him of his right to due process under the Fourteenth Amendment to the Constitution. As relief, he seeks damages from each Defendant

---

[1] Information regarding Plaintiff's conviction and sentence has been obtained from the MDOC's Offender Tracking Information System, at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=111992.

(excluding those who have "voted in favor of Plaintiff's release") and an order requiring the parole board to "proceed with a recommendation for a commutation." (Compl., docket #1, Page ID#5.)

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that Defendants have deprived him of his right to procedural due process under the Fourteenth Amendment. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006).

Plaintiff fails to state a claim of constitutional magnitude because, as the Supreme Court has recognized, an inmate has no constitutional or inherent right to commutation of his sentence. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67-68 (2009); *Ohio Adult Parol Auth. v. Woodard*, 523 U.S. 272, 280 (1998); *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (holding that an inmate has no constitutional entitlement to release on parole). Clemency proceedings ordinarily are left to the discretion of the executive and "'are rarely, if ever, appropriate subjects for judicial review.'" *Woodard*, 523 U.S. at 280 (quoting *Dumschat*, 452 U.S. at 464); *see also Workman v. Summers*, 111 F. App'x 369, 371 (6th Cir. 2004); *Workman v. Bell*, 245 F.3d 849, 851 (6th Cir. 2001). While judicial intervention may be appropriate in extraordinary death penalty

cases to ensure that the procedure is not entirely arbitrary, non-death cases do not implicate any federal interest. *See Woodard*, 523 U.S. at 289 (O'Connor, J., concurring with three other Justices and distinguishing *Dumschat*, a non-death case); *Workman v. Bell*, 245 F.3d at 851.

Even if Plaintiff has no inherent or constitutional right to commutation of his sentence, he may have a state-created right if the state's regulations and procedural rules limit the discretion of state officials in making parole or commutation decisions. *Greenholtz*, 442 U.S. at 7; *Hewitt v. Helms*, 459 U.S. 460, 471-72 (1983). The Supreme Court has recognized, however, that such interests are of constitutional magnitude only if their deprivation places "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Woodard*, 523 U.S. at 283. "Thus, *Sandin* teaches that [the Court] should be hesitant to find a protected liberty interest in policy directives governing parole or commutation hearings, given that a change in the state's procedures typically will not cause a significant hardship on the inmate in relation to the ordinary incidents of prison life." *Moran v. McGinnis*, No. 95–1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *see also Woodard*, 523 U.S. at 283.

Plaintiff apparently claims that the parole board's release guidelines determination entitled him to commutation of his sentence after serving twenty-two years. However, the Michigan Constitution provides that the *Governor* has the exclusive power to grant commutations and pardons:

> The governor shall have power to grant reprieves, commutations and pardons after convictions for all offenses, except cases of impeachment, upon such conditions and limitations as he may direct, subject to procedures and regulations prescribed by law. He shall inform the legislature annually of each reprieve, commutation and pardon granted, stating reasons therefor.

Mich. Const. 1963, art. 5, § 14. Moreover, as Plaintiff's exhibits indicate, the Governor's constitutional power to commute sentences is broadly discretionary; it is not constrained by the parole board's recommendation. (*See* Ex. A to Compl., docket #1-1, MDOC Policy Directive PD-DWA-45.12 (Sept. 1, 1981) ("[T]he final decision as to whether commutation shall be granted on each individual case rests *solely* with the Governor.") (emphasis added); Ex. C to Compl., MDOC Policy Directive PD-DWA-45.12 (Dec. 14, 1987) (same).) In light of that discretion, the Sixth Circuit has concluded that Michigan prisoners do not have a state-created liberty interest in the Michigan Parole Board's procedures in recommending to the Governor whether a sentence should be commuted. *See Manning v. Unknown Parties*, 56 F. App'x 710, 711 (6th Cir. 2003); *Moran*, 1996 WL 304344, at *2; *Vertin v. Gabry*, No. 94–2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *see also Goree v. Burt*, No. 05–CV–74592, 2006 WL 3832814, at *1 (E.D. Mich. Dec. 28, 2006) (rejecting Plaintiff Goree's claim that Policy Directive 45.12 creates a liberty interest in eligibility for sentence commutation). Thus, as the Court in *Dumschat* concluded with respect to Connecticut's commutation procedures, a Michigan "felon's expectation that a lawfully imposed sentence will be commuted or that he will be pardoned is no more substantial than an inmate's expectation . . . that he will not be transferred to another prison; it is simply a unilateral hope." *Dumschat*, 452 U.S. at 465 (footnote omitted). Therefore, because Plaintiff has not identified a protected interest at stake, he fails to state a due process claim.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     October 18, 2012              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE